United States District Court
Southern District of Texas
**ENTERED**
July 22, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| MARIELYS DEL CARMEN BRACHO HIDALGO, Petitioner, | § | CIVIL ACTION NUMBER 4:26-cv-04731 |
| | § | |
| versus | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| MARTIN FRINK, Respondent. | § | |

**ORDER ON DISMISSAL**

Petitioner Marielys Del Carmen Bracho Hidalgo filed a petition for writ of *habeas corpus* under 28 USC §2241 on June 15, 2006. Dkt 1. She acknowledges illegal entry into the United States on a prior date but nonetheless asserts that her present detention under 8 USC §1225(b) is unlawful as a violation of (i) the Immigration and Naturalization Act, and (ii) the Due Process Clause of the Fifth Amendment. Id at 14–22.

Prior order noted the petition appeared to raise only issues resolved by the Fifth Circuit's decision in *Buenrostro-Mendez v Bondi*, 166 F4th 494, 502–08 (5th Cir 2026), and prior decisions by the undersigned. See Dkt 5 at 1–4. But Petitioner was granted an opportunity to specify individual circumstances or additional arguments supporting a different result. Id at 4–5. She hasn't done so.

The Government was also ordered to state its position with respect to the decision and later action by the Fifth Circuit in *Sosnava Rodriguez v Ortega*. Dkt 6.

The Government responded and maintains that no bond hearing is required because Petitioner is subject to mandatory detention under 8 USC §1225(b)(2)(A). Dkt 7 at

1–2. It further notes the prior order in this case and Petitioner's failure to identify additional authorities or distinguishing facts. Ibid.

As noted in prior order, the Fifth Circuit issued a controlling decision with respect to the lawfulness of mandatory detention in this context under §1225(b)(2)(A). See *Buenrostro-Mendez v Bondi*, 166 F4th 494, 502–08 (5th Cir 2026).

On July 2, 2026, the Fifth Circuit issued a decision with respect to the constitutionality of detention under §1225(b)(2)(A). See *Sosnava Rodriguez v Ortega*, 2026 WL 1906557 (5th Cir). With reference to limitations imposed by the Due Process Clause, the decision holds that the Government may detain individuals under the subject statute "for ninety days but no longer without a bond hearing," and that "at the hearing, the Government must articulate an individualized justification for further detention without bond." Id at *16. On July 10, 2026, the Fifth Circuit vacated that decision pending rehearing *en banc*. See *Sosnava Rodriguez v. Ortega*, 2026 WL 2014647, *1 (5th Cir). This means that it is currently "of no precedential value." *Comer v Murphy Oil USA, Inc*, 718 F3d 460, 468 (5th Cir 2013).

The undersigned has also previously determined certain issues raised in the petition. For example, see:

- *Montoya Cabanas v Bondi*, 2025 WL 3171331 (SD Tex): Resolving statutory question consistent with interpretation later adopted in *Buenrostro-Mendez* and cited there with approval. See 166 F4th at 500 n 4.
- *Ruz Fuente v Noem*, 2026 WL 1270531 (SD Tex): Holding that prior temporary protected status did not constitute "admission" under the INA, and that order in *National TPS Alliance v Noem*, 2025 WL 3539156 (ND Cal), purporting to declare termination of that status for Venezuelan nationals unlawful

violated stay by the Supreme Court and otherwise had no preclusive effect.

- *Penafiel Clavijo v Thompson*, 2026 WL 923310 (SD Tex): Holding that procedural due process doesn't require an individualized custody determination beyond the mandate of §1225(b)(2)(A).
- *Herrera Estrada v Thompson,* 4:26-cv-01238 (SD Tex, April 27, 2026): Holding that pre-removal-order detention authorized by §1225(b)(2)(A) doesn't violate substantive due process while deportation proceedings are pending even when it exceeds the six-month period set out in *Zadvydas v Davis,* 533 US 678 (2001), as to post-removal-order detention.
- *Marcelo-Aguila v Noem,* 2026 WL 936337 (SD Tex): Holding that the decision by prior Administrations to decline to enforce §1225(b)(2)(A) does not estop or otherwise prevent the current Administration from enforcing the statute as written.

The arguments in the petition raise only issues resolved to the contrary in the decisions cited above.

Petitioner hasn't established that her current detention violates either the Constitution or federal law.

* * *

The petition for writ of *habeas corpus* by Petitioner Marielys Del Carmen Bracho Hidalgo is DENIED. Dkt 1.

This action is DISMISSED WITH PREJUDICE.

All pending motions are DENIED AS MOOT.

Petitioner is ADVISED to follow the *en banc* proceedings of the Fifth Circuit in *Sosnava Rodriguez*. She may file a motion for reconsideration or a later petition if warranted after those proceedings conclude.

A final judgment will enter separately.

SO ORDERED.

Signed on July 22, 2026, at Houston, Texas.

Honorable Charles Eskridge
United States District Judge